**PHILLIPS PETROLEUM COMPANY and Geophysical Services, Inc., Appellants,**

v.

**Elliott F. COWDEN et al., Appellees.**

**No. 17001.**

United States Court of Appeals
Fifth Circuit.

June 23, 1958.

Rehearing Denied July 24, 1958.

---

Allen R. Grambling, El Paso, Tex., Carl W. Jones, Midland, Tex. (Rayburn L. Foster, Harry D. Turner, Bartlesville, Okl., John McCormack, Dallas, Tex.), for appellants.

Raymond A. Lynch, William L. Kerr, Midland, Tex., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This appeal is a sequel to our decision in Phillips Petroleum Company v. Cowden, 5 Cir., 1957, 241 F.2d 586, by which we reversed the judgment of the district court and remanded the case for a determination of the number of acres "occupied" by the trespass. The appellants insist that the district court misconceived what is meant by "occupied" and erred in determining the number of acres occupied by the exploration.

We do not agree. The findings of the district court are clear and explicit.[1] Equally clear is Judge Tuttle's opinion for this Court on the former appeal.[2] That part of our holdings now pertinent may be briefly summarized as follows:

(1) Under Texas law, the mineral estate owner may sue a "geophysical trespasser" for trespass on the mineral estate as a result of a reflection seismograph survey on lands containing the estate; (2) permission obtained from the owner of the surface rights only could not authorize the trespass; (3) the evidence was sufficient to sustain the trial court's finding that appellants had trespassed and that the damages per acre amounted to $20.00; but, (4) the number of acres damaged would have to be limited to the area reasonably regarded as "occupied" by the seismograph survey; (5) such area would include the areas from which vibration echoes were actually received; and also, (6) such additional areas for which the trespasser would have had to obtain licenses from a hypothetically "reasonable" mineral estate owner, if it had conducted the actual operation without trespassing.

---

1. In part as follows:

"5. In making an agreement permitting the exploration that was actually made by defendant on plaintiffs' property, reasonable parties would have included in such an agreement all of the mineral owners' unleased acreage situated in the two sections upon which shot points were to be located and in the immediately adjoining sections, and such agreements would have required the exploring party to pay the owners compensation on an acreage basis for such unleased acreage, that is, for the 2,682 acres hereinabove found to be occupied by the trespass.

"6. Taking into account the particular geographical pattern of mineral ownership shown to exist, the defendants would have to obtain from the mineral owners a license or permit on the above-described 2,682 acres in order to carry out the actual operation as they did.

"7. The reasonable market value of the use defendants made of that part of plaintiff's property that was occupied by the exploration, at the time thereof, was the sum of $53,640.00."

2. For example, the following paragraph of that opinion applicable here:

"The trial court must establish what areas might reasonably be included in an agreement regarding such an exploration, considering that just as the trespasser may be held to pay only a reasonable per acre price for the rights he had invaded, regardless of how much the mineral owner claims he would have charged, so compensation need be paid only for the area reasonably regarded as 'occupied' by the survey (including, but not restricted to, the areas from which vibration echoes were actually received), regardless of how many acres the mineral owner would have insisted on including in an agreement had one actually been bargained for. For this purpose evidence might be received as to the size and shape of the areas for which appellants would have had to obtain licenses in order to carry out the actual operation as they did, taking into account the particular geographic pattern of mineral ownership shown to exist here." Phillips Petroleum Company v. Cowden, 5 Cir., 1957, 241 F.2d 586, 594.

The fact that the district court arrived at the same amount as that previously determined according to the method which we held to be erroneous does not necessarily impeach its present judgment. We are satisfied that it faithfully and correctly carried out the mandate of this Court, and its judgment is therefore

Affirmed.